IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
:
WILMINGTON SAVINGS FUND SOCIETY :
FSB, as successor-in-interest to :
CHRISTIANA BANK & TRUST COMPANY, :
:
              Plaintiff, :     Civil Action No. 3:15-CV-
:     00911-VLB
       v. :
:
:
UNIVERSITAS EDUCATION, LLC, and :
RIDGEWOOD FINANCE II LLC, as :
successor-in-interest to RIDGEWOOD :
FINANCE, INC. :
:
              Defendants :
---------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF
# RIDGEWOOD FINANCE II LLC'S MOTION TO DISMISS

                                                                              Scott M. Harrington
                                                                              DISERIO MARTIN O'CONNOR
                                                                                  & CASTIGLIONI LLP
                                                                              One Atlantic Street
                                                                              Stamford, CT 06901
                                                                              (203)358-0800

                                                                              *Attorneys for Ridgewood*
                                                                              *Finance II, LLC*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS .........................................................................................2

ARGUMENT ............................................................................................................4

I. Plaintiff Fails to State A Claim Against Ridgewood ..................................4

II. Ridgewood Is Not A Necessary Party And In Any Event Should Have Been Given Notice Rather Than Named As A Defendant. .........................6

CONCLUSION.........................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Arkwright–Boston Mfrs. Mut. Ins., Co. v. City of New York*,
   762 F.2d 205 (2d Cir.1985) ...................................................................................7

*Batte-Holmgren v. Commissioner of Public Health*,
   281 Conn. 277 (2007) ...........................................................................................8

*Bragger v. Trinity Capital Enterprise Corp.*,
   30 F.3d 14 (2d Cir. 1994) .......................................................................................5

*Connecticut Yankee Atomic Power Co. v. Planning and Zoning et al.*,
   2001 WL 1898262 (D. Conn. 2001) .......................................................................7

*ConnTech Dev. Co. v. Univ. of Connecticut Educ. Properties, Inc.*,
   102 F.3d 677 (2d Cir. 1996) ...................................................................................7

*Korsinky v. U.S. E.P.A.*,
   192 Fed. Appx 71 (2d Cir. 2006) ...........................................................................5

*Maryland Cas. Co. v. Rosen*,
   445 F.2d 1012 (2d Cir. 1971) .................................................................................6

*M.C. By & Through Mrs. C. v. Volumtown Bd. of Educ.*,
   178 F.R.D. 367 (D. Conn. 1998) .........................................................................7, 8

*Russo v. Watertown*,
   184 Conn. 30, 441 A.2d 56 (1981) ........................................................................8

*Shenkman-Tyler v. Central Mut. Ins. Co.*,
   126 Conn. App. 733 (Conn. App. Ct. 2011) ..........................................................5

*Tucker v. Connecticut Natural Gas Co.*,
   3 Conn.App. 302 (Conn. App. Ct. 1985) ...............................................................8

**Statutes and Rules**

**Fed.R.Civ.P. 19(a)** ........................................................................................................7
**Federal Rules of Civil Procedure 12(b)(1)** ..................................................................1
**Federal Rules of Civil Procedure 12(b)(6)** ..................................................................1

Defendant Ridgewood Finance II LLC respectfully submits this memorandum of law in support of its motion to dismiss with prejudice the complaint filed by Wilmington Savings Fund Society, FSB, as successor-in-interest to Christiana Bank & Trust Company ("WSFS") (the "Complaint"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## PRELIMINARY STATEMENT

WSFS seeks a ruling in this lawsuit that it is not required to arbitrate claims brought against it by Universitas Education, LLC ("Universitas"). Ridgewood, which no longer exists, admittedly is not a party to the arbitration. Nor is it a signatory to the Declaration of Trust at issue in the arbitration that contains the arbitration clause. Indeed, WSFS's Complaint does not even seek any relief against Ridgewood. Plainly, the Court's interpretation of the Declaration of Trust's arbitration clause and its applicability to Universitas' claims against WSFS does not implicate any interest of Ridgewood.

WSFS nonetheless named Ridgewood as a defendant in this case (along with Universitas), asserting that Ridgewood (a lender) appointed WSFS as Insurance Trustee with respect to a different trust, and that WSFS is not bound by the Declaration of Trust at issue in the arbitration. That argument can be made to the arbitration panel or to the Court without naming Ridgewood as a party to the litigation. Ridgewood thus is not a "necessary party" to this proceeding, which relates solely to the interpretation of a Declaration of Trust to which it is not a party.

In sum, there is no controversy raised in WSFS's complaint involving Ridgewood, and the declaratory judgment action against it should be dismissed.

1

## STATEMENT OF FACTS

In April 2015, Universitas commenced an arbitration proceeding against WSFS before the American Arbitration Association. The arbitration demand is captioned *Universitas Education, LLC, Claimant v. Wilmington Savings Fund Society, FSB, as successor-in-interest to Christiana Bank & Trust Company*, American Arbitration Association Case No. 01-15-0003-1194 (The "Arbitration Demand"). The Arbitration Demand alleges that WSFS was the Trustee of the Charter Oak Trust Welfare Benefit Plan, a multiple-employer welfare benefit plan operating under Sections 419 and 419A of the Internal Revenue Code. According to the Declaration of Trust attached to the Arbitration Demand, Nova Group, Inc. ("Nova") is the plan sponsor. (Universitas' Arbitration Demand is attached to its Notice of Removal, Dkt. No. 1, Exh. A1).

Universitas' Arbitration Demand alleges that more than $30 million is owed to Universitas as the beneficiary of certain life insurance policies that were held by the Charter Oak Trust, that these funds were misappropriated by the plan sponsor, and that WSFS is liable, as the Insurance Trustee of the Charter Oak Trust, for the misappropriated funds. The Arbitration Demand alleges that the dispute between Universitas and WSFS is arbitrable because the Nova Declaration of Trust provides that "[a]ny and all disputes regarding the Trust or the Plan shall be settled by Arbitration." (Dkt. No. 1, Exh. A1, ¶ 18).

Ridgewood is neither a party to the arbitration nor a signatory to the Nova Declaration of Trust.

On May 14, 2015, WSFS commenced this action in Connecticut Superior Court seeking a declaratory judgment that WSFS is not subject to the arbitration

2

clause in the Nova Declaration of Trust. (Complaint, Dkt No. 1, Exh. B ("Complt")). WSFS contends that it was not the Trustee of the Nova Trust at issue in the arbitration. (Complt. ¶ 1). Instead, WSFS claims that it served as the trustee for a different trust, sponsored by Grist Mill Capital, LLC. (Complt. ¶ 12). As evidence that it is not the Trustee for the Nova Trust, WSFS attaches to its Complaint a document in which Ridgewood (which loaned funds to Grist Mill Capital) appointed WSFS as Insurance Trustee. (Complt., Exh. B). This "Appointment Agreement" between WSFS and Ridgewood dated December 12, 2006 identifies Grist Mill Capital as the plan sponsor.[1] (*Id.*)

There is no claim in the Arbitration Demand that the Appointment Agreement was breached. The underlying dispute between Universitas and WSFS does not implicate the terms of the Appointment Agreement in any way, except to the extent that WSFS now relies on it as evidence that the Nova Declaration of Trust does not apply to it. In its Notice of Removal, Universitas confirms that its Arbitration Demand does not implicate Ridgewood in any way: "Nothing in Universitas' Demand for Arbitration implicates Ridgewood and Universitas seeks no recovery from Ridgewood." (Notice of Removal, ¶ 15, Dkt. No. 1).

WSFS's Complaint sets forth one Count for declaratory relief. WSFS seeks a declaration that it "is not subject to any arbitration arising under the Nova

---

[1] WSFS alleges: "Neither WSFS nor Christiana entered into any agreement to act as insurance trustee of the Nova [Trust]. The Appointment Agreement by its unambiguous terms did not appoint WSFS to act in any capacity with respect to the Nova [Trust]." (Complt. ¶ 14). The Nova and Grist Mill Trusts are both identified as "The Charter Oak Trust."

3

[Declaration of Trust] and is not required to arbitrate in the Arbitration the claims raised by Universitas under the Nova [Declaration of Trust]." (Complt. ¶ 22; Prayer for Relief ¶ 1.) WSFS also seeks "injunctive relief enjoining Universitas from proceeding with the Arbitration against WSFS." (Prayer for Relief ¶ 2.) The Complaint does not seek any relief against Ridgewood.

Universitas filed a Notice of Removal with this Court on June 12, 2015, asserting that complete diversity exists between WSFS and Universitas and that Ridgewood was fraudulently joined in the state court action in order to defeat diversity. (Dkt. No. 1). WSFS filed a motion to remand on July 10, 2015. (Dkt No. 19).

## ARGUMENT

### I. Plaintiff Fails to State A Claim Against Ridgewood

Ridgewood is not a party to the underlying arbitration, nor is it a signatory to the Declaration of Trust at issue in the arbitration proceedings. (Dkt. No. 1, Exh. A1). No party to the underlying arbitration is seeking any relief from Ridgewood in that proceeding. (*Id.*) It necessarily follows that Ridgewood has no interest at stake in this lawsuit, which is brought merely to determine whether Universitas' claims against WSFS are arbitrable. This is confirmed by the fact that WSFS's Complaint does not seek any relief against Ridgewood.

WSFS's supposed declaratory judgment claim against Ridgewood does not present any case or controversy, and must be dismissed under 12(b)(1) and 12(b)(6). "Article II, § 2 of the United States Constitution limits federal courts to deciding only cases or controversies, and thus, at a minimum, a plaintiff seeking relief in federal court must allege, and ultimately prove, that he has suffered an

4

injury-in-fact that is fairly traceable to the challenged action of the defendant, and which is likely to be redressed by the requested relief." *Korsinky v. U.S. E.P.A.*, 192 Fed. Appx 71, 71 (2d Cir. 2006) (internal citations and quotations omitted). Federal courts "are without power to decide questions that cannot affect the rights of litigants in the case before them." *Bragger v. Trinity Capital Enterprise Corp.*, 30 F.3d 14, 16 (2d Cir. 1994). Connecticut state law is the same: "A court will not resolve a claimed controversy on the merits unless it is satisfied that the controversy is justiciable." *Shenkman-Tyler v. Central Mut. Ins. Co.*, 126 Conn. App. 733, 738 (Conn. App. Ct. 2011). Justiciability requires "(1) that there be an actual controversy between or among the parties to the dispute…(2) that the interests of the parties be adverse…(3) that the matter in controversy be capable of being adjudicated by judicial power…and (4) that the determination of the controversy will result in practical relief to the complainant…" *Id.* at 738-39 (internal citations and quotations omitted).

None of these requirements are met here. There is no controversy involving Ridgewood alleged in the Arbitration or in WSFS's Complaint. Whether the dispute between Universitas and WSFS is decided in arbitration or in a court proceeding has absolutely no bearing on any rights or obligations of Ridgewood.

The only existing dispute between Ridgewood and WSFS alleged by WSFS (in its Motion to Remand) is a recently-filed complaint in which WSFS seeks indemnification under the Appointment Agreement from Ridgewood. *See Wilmington Savings Fund Society, FSB, as successor-in-interest to Christiana Bank & Trust Company v. Ridgewood Finance II LLC,* FST-CV-15-6025815-S. But

5

**WSFS has filed that claim in a separate lawsuit, which is pending in Connecticut state court. That complaint has nothing to do with the Arbitration proceedings or this lawsuit.**

**In sum, the relief sought – an order barring Universitas from proceeding with its arbitration and requiring Universitas to litigate its claim against WSFS in court – has nothing to do with Ridgewood, whose rights will not be affected regardless of the ruling of the Court on this issue.**

**To the extent that WSFS is seeking an order interpreting the rights or obligations of Ridgewood in this case, it is seeking an advisory opinion.** *See, e.g.*, *Maryland Cas. Co. v. Rosen*, **445 F.2d 1012, 1014 (2d Cir. 1971) ("While courts of the United States do have the power to decide questions of fact, in connection with an action for declaratory relief, they may ascertain and find facts only to determine legal consequences and not to make abstract or academic determinations.") WSFS cannot use the expedient of a declaratory judgment action to evade the critical "case or controversy" constitutional requirement.** *See, e.g., Connecticut Yankee Atomic Power Co. v. Planning and Zoning et al.*, **2001 WL 1898262 at \*4 (D. Conn. 2001) ("because this case in its present posture does not present a substantial, immediate and real controversy, the court at this time lacks subject matter jurisdiction to issue a declaratory judgment").**

II. **Ridgewood Is Not A Necessary Party And In Any Event Should Have Been Given Notice Rather Than Named As A Defendant.**

**Ridgewood is not a necessary party to this lawsuit to determine the applicability of an arbitration clause to WSFS. As noted above, Ridgewood is not even a party to the underlying dispute and has no rights currently at issue.** *See*

6

*supra* pages 3, 6-7 discussing Notice of Removal, ¶ 15, Dkt No. 1 ("Nothing in Universitas' Demand for Arbitration implicates Ridgewood and Universitas seeks no recovery from Ridgewood."); *ConnTech Dev. Co. v. Univ. of Connecticut Educ. Properties, Inc.*, 102 F.3d 677, 682 (2d Cir. 1996) ("A nonparty to a commercial contract ordinarily is not a necessary party to an adjudication of rights under the contract."). Whether the Court grants or denies WSFS's request for relief would not require Ridgewood—a dissolved entity—"to do anything or change any of its positions." *Peregrine Myanmar Ltd. v. Segal,* 89 F.3d 41, 48 (2d Cir.1996) (absent party was not necessary).[2] Because the instant action concerns only the application of an arbitration clause to WSFS, which does not implicate any Ridgewood right or obligation whatsoever, Ridgewood is not a necessary party. *See id.*[3]

In any event, WSFS misinterprets the requirements of Connecticut law with respect to necessary parties. "Section 390(d) requires that all persons having an

---

[2] A party is necessary under the Federal Rules of Civil Procedure if "in that person's absence, the court cannot accord complete relief among existing parties." Fed.R.Civ.P. 19(a); *ConnTech Dev. Co. v. University of Connecticut Educ. Properties*, 102 F.3d 677, 681 (2d Cir.1996). Even then, "Rule 19 does not require joinder for the universal resolution of all related claims." *M.C. By & Through Mrs. C. v. Voluntown Bd. of Educ.*, 178 F.R.D. 367, 369-70 (D. Conn. 1998). Complete relief means only "'relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought.'" *Arkwright–Boston Mfrs. Mut. Ins., Co. v. City of New York*, 762 F.2d 205, 209 (2d Cir.1985) (citation omitted). Here, no claims whatsoever are brought by or against Ridgewood – let alone claims that could jeopardize WSFS's "complete relief" – and thus, Ridgewood cannot be a necessary party. *Id*.

[3] To the extent Ridgewood bears some (unnamed and unrelated) interest in the underlying transactions, such claims would properly be heard separately and only if actually asserted by Ridgewood. *M.C. By & Through Mrs. C.*, 178 F.R.D. at 369-70 (the "absent party itself must assert an interest in the subject matter of the pending case").

interest in the subject matter of the complaint be parties to the action *or have reasonable notice thereof…*" *Tucker v. Connecticut Natural Gas Co.*, 3 Conn.App. 302, 304 (1985) (internal citations omitted) (emphasis added). This notice requirement "recognizes and implements the basic principle that due process of law requires that the rights of no man shall be judicially determined without affording him a day in court and an opportunity to be heard." *Id.* (citing *Russo v. Watertown*, 184 Conn. 30, 33, 441 A.2d 56 (1981)). *See also Batte-Holmgren v. Commissioner of Public Health*, 281 Conn. 277, 284 (2007) ("the purpose of our joinder rules is to ensure that all persons whose interests are implicated directly by an action are able to protect those interests through participation in the action").

This notice requirement exists for the protection of parties whose interests may be affected, not in order to needlessly involve such parties in litigation in which they have no stake or interest. Thus, even if Ridgewood's interests were at all implicated in the declaratory judgment action or the underlying arbitration, which they are not, all WSFS had to do was notify Ridgewood of the pending action to give it the opportunity to join in the litigation if Ridgewood so desired. Since Ridgewood is not a signatory to the Declaration of Trust and is not a party to the arbitration, it has no interest in any of the matters pertaining to the arbitration and should never have been added as a party by WSFS.

## CONCLUSION

For the foregoing reasons, Defendant Ridgewood respectfully requests that the Court enter an order dismissing with prejudice all claims against it, and for such other and further relied as is just and proper.

8

Dated: July 20, 2015							THE DEFENDANT,

							RIDGEWOOD FINANCE II, LLC


							BY:	/s/Scott M. Harrington
								Scott M. Harrington, ct02482
								One of the Attorneys for Ridgewood Finance II, LLC
								DISERIO MARTIN O'CONNOR &
									CASTIGLIONI LLP
								One Atlantic Street
								Stamford, CT 06901
								(203) 358-0800
								sharrington@dmoc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed with the Clerk of Court using the Court's CM/ECF system on this 20th day of July, 2015, which will generate notification to all counsel of record or pro se parties identified below, thereby notifying the following parties of record below:

| | |
|---|---|
| **David T. Martin, Esq.**<br>**Six Landmark Square**<br>**Stamford, CT 06901**<br>**Email: dmartin@cl-law.com** | **(Counsel for Plaintiff)** |
| **John M. Wolfson, Esq.**<br>**Benjamin M. Wattenmaker**<br>**Feiner Wolfson**<br>**One Constitution Plaza**<br>**Suite 900**<br>**Hartford, CT 06103**<br>jwolfson**@feinerwolfson.com**<br>**bwattenmaker@feinerwolfson.com** | **(Counsel for Universitas Education, LLC)** |

                                                    */s/ Scott M. Harrington_ct02482__*
                                                  **Scott M. Harrington ct02482**