# EXHIBIT G

# APPOINTMENT AGREEMENT

THIS APPOINTMENT AGREEMENT (this "*Appointment Agreement*") is dated as of December 12, 2006 by and between Ridgewood Finance Inc., a Delaware corporation (the "*Company*"), and Christiana Bank & Trust Company, a Delaware banking corporation ("*CB&T*"), as Insurance Trustee (as hereinafter defined). The Company and the Insurance Trustee hereby agree as follows:

1. Pursuant to Section 2.13 of the Declaration of Trust, dated as of October 1, 2006 (as amended from time to time, the "*Declaration of Trust*"), entered into by Grist Mill Capital, LLC, as Plan Sponsor (the "*Plan Sponsor*"), establishing the Charter Oak Trust, a Connecticut nonstatutory trust (the "*Trust*"), in connection with the Charter Oak Trust Welfare Benefit Plan (the "*Plan*," together with the Trust, collectively, the "*Plan & Trust*"), the Company, as the "third-party with an interest in the Plan & Trust" referenced in such Section 2.13, (i) has determined that CB&T is acceptable to the Company to be appointed under such Section 2.13 as the Insurance Trustee and (ii) hereby appoints CB&T as the Insurance Trustee (as defined in the Declaration of Trust, CB&T in such capacity, herein referred to as the "*Insurance Trustee*") under the Declaration of Trust. CB&T hereby accepts its appointment as Insurance Trustee hereunder and agrees to perform its duties as Insurance Trustee under the Declaration of Trust.

2. The Insurance Trustee is authorized to, and shall, take such action or refrain from taking such action under this Appointment Agreement or the Declaration of Trust as it may be directed in writing by the Company from time to time, including to execute and deliver any documents, agreements, instruments and/or writings to which the Insurance Trustee is or becomes a signatory, all substantially in the respective forms thereof presented to the Insurance Trustee from time to time by or on behalf of the Company or its counsel; provided, however, that the Insurance Trustee shall not be required to take or refrain from taking any such action if it shall have determined that such performance is reasonably likely to involve the Insurance Trustee in personal liability or is contrary to the terms of this Appointment Agreement, the Declaration of Trust or any document contemplated hereby to which the Insurance Trustee is a signatory or is otherwise contrary to law; provided, further, however, that the Insurance Trustee shall immediately notify the Company by e mail and telephone of any determination by it not to take or refrain from taking any action in accordance with the foregoing proviso, which e mail and telephonic notice shall include (1) a description of the basis on which such determination was made and (2) the specific purported factual and legal basis for any claimed personal liability, violation of the terms of this Appointment Agreement, violation of the Declaration of Trust or other contemplated document or violation of law. Each such email and telephonic notice will be followed by a written notice to the Company including the same information set forth in the e mail no later than one (1) business day after such determination. In addition, at any time the Insurance Trustee determines that it requires or desires guidance regarding the application of any provision of this Appointment Agreement, the Declaration of Trust or any other document, or regarding compliance with any direction or request it received hereunder or thereunder, then the Insurance Trustee will within one (1) day of making such determination deliver a notice to the Company by e mail and telephone requiring written instructions as to the course of action desired by the Company (which notice to be followed by a written notice to the Company no later than

one (1) day following such e mail and telephonic notice), and such instructions shall constitute full and complete authorization and protection for actions taken by the Insurance Trustee in reliance thereon. Until the Insurance Trustee has received such instructions after delivering such notice, it may take or refrain from taking any action with respect to the matters described in such notice, and shall have no liability for doing so.

3. This Appointment Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

4. The Company, in its sole and absolute discretion and without the consent of any other party, may remove the Insurance Trustee from its position as Insurance Trustee under the Declaration of Trust for any reason or no reason by written notice at any time and without prior notice to any other party. Subject to the applicable provisions of the Declaration of Trust, the Insurance Trustee may resign upon thirty days' prior written notice to the Company.

5. The Company hereby agrees (i) to reimburse the Insurance Trustee for all reasonable expenses (including reasonable fees and expenses of counsel and other experts), (ii) to the fullest extent permitted by law, to indemnify, defend and hold harmless the Insurance Trustee and any of the officers, directors, employees and agents of the Insurance Trustee (the "*Indemnified Persons*") from and against all losses, damages, liabilities, claims, actions, suits, costs, expenses, disbursements (including the reasonable fees and expenses of counsel), taxes and penalties of any kind and nature whatsoever (collectively, "*Expenses*"), to the extent that such Expenses arise out of or are imposed upon or asserted at any time against such Indemnified Persons solely with respect to the Insurance Trustee taking or refraining from taking any action pursuant to Section 2 of this Appointment Agreement (a) as it may be directed in writing by the Company or (b) in the absence of written instructions from the Company after the Insurance Trustee has delivered a notice to the Company requiring written instructions as to the course of action desired by the Company; provided, that the Company shall not be required to indemnify any Indemnified Person for Expenses to the extent such Expenses result from the willful misconduct, bad faith or gross negligence of such Indemnified Person and (iii) to the fullest extent permitted by law, to advance to each such Indemnified Person Expenses incurred by such Indemnified Person in defending any claim, demand, action, suit or proceeding prior to the final disposition of such claim, demand, action, suit or proceeding upon receipt by the Company of an undertaking by the Insurance Trustee to repay such amount if it shall be determined that such Indemnified Person is not entitled to be indemnified therefor under this Section 5. The obligations of the Company under this Section 5 shall survive the resignation or removal of the Insurance Trustee, shall survive the termination, amendment, supplement, and/or restatement of this Appointment Agreement, and shall survive the transfer by the Company of any or all of its interest in the Plan & Trust.

6. In the event that the Insurance Trustee or any Indemnified Party is entitled to any advance, indemnity or reimbursement as set forth above by the terms of the Declaration of Trust, then and in that event, there shall be no advance, indemnity or reimbursement provided under this Appointment Agreement until all amounts due under the Declaration of Trust have been paid and then only such amounts in excess of those amounts due under the Declaration of Trust. However, notwithstanding the foregoing sentence, if the Insurance Trustee or Indemnified Party

-2-

1490641/7

COT_WSFS000712

does not receive any advance, indemnity or reimbursement due under the Declaration of Trust within a reasonable period of time (not to exceed 30 days) after a timely and compliant request, then the Company shall pay such advance, indemnity or reimbursement that is not paid under the Declaration of Trust and that is payable under this Appointment Agreement upon execution of an assignment (and any other documents reasonably requested) by the Insurance Trustee and Indemnified Parties in favor of the Company of all rights that the Insurance Trustee and Indemnified Parties have against the Trust for such unpaid sums. In no event will the Insurance Trustee or any Indemnified Party be entitled to any duplicative payment under this Appointment Agreement which is due to be paid under the Declaration of Trust nor shall the Company be liable to the Insurance Trustee or any Indemnified Party for any amounts which the Insurance Trustee or any Indemnified Party may be liable to reimburse either or both the parties to the Declaration of Trust or the Trust itself.

7. Except as expressly provided in this Appointment Agreement, wherever provision is made in this Appointment Agreement for the giving of any notice or other communication, such notice or other communication shall be in writing and shall be given or made by delivery in person, by nationally recognized overnight courier service or by facsimile, as follows: (i) if to the Insurance Trustee or CB&T, Christiana Bank & Trust Company, 1314 King Street, Wilmington, Delaware, 19801 Attention: Corporate Trust Administration, Telephone No.: (302) 888-7437, Facsimile No.: (302) 421-9015; (ii) if to the Company, Ridgewood Finance Inc. c/o Plainfield Asset Management LLC, 55 Railroad Avenue, Greenwich, CT 06830, Attention: Steven Segaloff, Telephone No.: (203) 302-1700, Facsimile No.: (203) 302-1779; or (iii) to such other address as any party to this Appointment Agreement shall have last designated by notice to the other parties. All such notices and other communications shall be deemed to be given and received on the (a) date of personal delivery, (b) next business day following the date sent by a nationally recognized overnight courier or (c) date sent by facsimile transmission, upon receipt of a confirmatory receipt.

8. This Appointment Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware (without regard to conflict of laws principles).

[Signature Page Follows]

-3-

1490641/7

COT_WSFS000713

IN WITNESS WHEREOF, the parties hereto have caused this Appointment Agreement to be duly executed as of the day and year first above written.

RIDGEWOOD FINANCE INC., as the Company

By: /s/ T-X.M
Name: Thomas X. Fritsch
Title: Senior Vice President

CHRISTIANA BANK & TRUST COMPANY, as the Insurance Trustee

By: _____
Name: _____
Title: _____

Consented to as of the day and year
first written above:

GRIST MILL CAPITAL, LLC, as the
Plan Sponsor

By: _____
Name: _____
Title: _____

1490641/7

-4-

COT_WSFS000714

IN WITNESS WHEREOF, the parties hereto have caused this Appointment Agreement to be duly executed as of the day and year first above written.

                        RIDGEWOOD FINANCE INC., as the Company

                        By: _____
                        Name: _____
                        Title: _____

                        CHRISTIANA BANK & TRUST COMPANY, as the Insurance Trustee

                        By: *[signature]*
                        Name: Louis W Geibel
                        Title: Vice President

Consented to as of the day and year first written above:

GRIST MILL CAPITAL, LLC, as the Plan Sponsor

By: _____
Name: _____
Title: _____

1490641/7

-4-

COT_WSFS000715

IN WITNESS WHEREOF, the parties hereto have caused this Appointment Agreement to be duly executed as of the day and year first above written.

RIDGEWOOD FINANCE INC., as the Company

By: _____
Name: _____
Title: _____

CHRISTIANA BANK & TRUST COMPANY, as the Insurance Trustee

By: _____
Name: _____
Title: _____

Consented to as of the day and year first written above:

GRIST MILL CAPITAL, LLC, as the Plan Sponsor

By: *(signature)*
Name: Jack E. Robinson
Title: Manager

149064177

-4-

COT_WSFS000716