# EXHIBIT R

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | | |
|---|---|---|
| Universitas Education, LLC (judgment creditor) | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 11-1590-LTS-HBP |
| Nova Group, Inc., as trustee, sponsor and fiduciary of the Charter Oak Trust (judgment debtor) | ) ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Southern District of New York ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  WSFS Bank, Christiana Trust; ATTN: Operations Center, Legal Research Department
     409 Silverside Road, Suite 100, Wilmington, DE 19809

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Please see Schedule A attached hereto.

| Place: 1201 North Market Street, 18th Floor Wilmington, DE 19899 | Date and Time: 10/05/2012 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  09/13/2012

CLERK OF COURT

_____          OR  _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Universitas Education, LLC (judgment creditor) _____, who issues or requests this subpoena, are:
Michael Barnett (MB7686), Loeb & Loeb LLP, 345 Park Avenue, 18th Floor, New York, NY 10154
Phone: 212-407-4163; Email: mbarnett@loeb.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  11-1590-LTS-HBP

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;

  **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

  **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# SCHEDULE A – FOLLOW-UP SUBPOENA TO WSFS BANK/CHRISTIANA

## DOCUMENT REQUESTS

### Definitions

A.  Each document request covers the time period of May 1, 2008 to the present.

B.  These document requests incorporate the Uniform Definitions set out in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York.

C.  "Nova Group, Inc." and "Nova Group" refer to a Delaware corporation that has a business address at 100 Grist Mill Road, Simsbury, Connecticut.

D.  "Charter Oak Trust" refers to the Charter Oak Trust Welfare Benefit Plan.

E.  Wayne H. Bursey, who is believed to reside at 22 High Hill Road, Bloomfield, Connecticut, is believed to be the President of Nova Group and/or Trustee of the Charter Oak Trust.

F.  Daniel E. Carpenter refers to an individual, believed to be residing at 18 Pondside Lane in West Simsbury, Connecticut, who is or was an officer or director of Nova Group.

G.  WSFS/Christiana Trust refers to WSFS Bank, Christiana Trust, their predecessors and successors in interest, and their officers, directors, employees, agents and representatives.

H.  "Lincoln Policies" means life insurance policy nos. 7305475 and 7320809 issued by Lincoln National Life Insurance Company on the life of Sash A. Spencer.

### Document Requests

1.  All documents and communications concerning or relating to the opening – and, if applicable – the closing of Account No. CH125161-0.

2.  To the extent not already requested, documents sufficient to show all signatories for Account No. CH125161-0.

3.  To the extent not already requested, all communications concerning or relating to Account No. CH125161-0, the Charter Oak Trust and/or Nova Group, including but not limited to both internal communications, as well as communications with individuals and entities outside of WSFS /Christiana Trust, including but not limited to Wayne H. Bursey and Daniel E. Carpenter.

4.  Any Currency Transaction Reports and Suspicious Activity Reports for Account No. CH125161-0, or that otherwise relate to Nova Group and/or the Charter Oak Trust.

      5.    A copy of the Charter Oak Trust instrument and/or any other trust documentation provided in connection with the opening, maintenance and/or closing of Account No. CH125161-0.

      6.    All documents and communications discussing or relating to Universitas Education, LLC ("Universitas"), Sash A. Spencer and/or the Lincoln Policies.

      7.    Documents sufficient to show WSFS/Christiana Trust's appointment as Insurance Trustee of the Charter Oak Trust and, if applicable, its termination as Insurance Trustee.

      8.    Documents sufficient to show WSFS/Christiana Trust's consent to any amendments or changes to the Charter Oak Trust instrument.

      9.    Documents sufficient to show WSFS/Christiana Trust's consent to each of the expenses of the Charter Oak Trust.

      10.    Copies of all accounts of receipts, disbursements, investments and other transactions of the Charter Oak Trust, and copies of all accounts, books and records relating thereto.

      11.    Balance sheets, income statements, inventories, profit and loss statements, and all other documents and information showing the assets, property, expenses and liabilities of Nova Group and the Charter Oak Trust.

      12.    Any other documents (not already requested in the requests set forth above) that have or may contain information concerning the identity, location and value of the property, income or assets of Nova Group and/or the Charter Oak Trust.

      13.    Documents evidencing all transactions – including but not limited to agreements for loans and/or lines of credit, and all security agreements, funding agreements and/or promissory notes – relating to Nova Group and/or the Charter Oak Trust.

      14.    Copies of any charts, matrices or other documents showing the corporate affiliations and/or relationships of Nova Group and/or the Charter Oak Trust, and their affiliates and/or nominees.

      15.    Copies of any charts, matrices or other documents that identify any individual or entity that has or once had an ownership interest in Nova Group.

      16.    Copies of any charts, matrices or other documents that identify any individual or entity that has or once had an ownership interest or beneficial interest in the Charter Oak Trust.

      17.    Documents sufficient to show all claims, lawsuits, proceedings, liens or demands that have been threatened and/or filed against Nova Group and/or the Charter Oak Trust, and documents sufficient to show whether any claims for benefits have been made against Nova Group and/or the Charter Oak Trust.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Delaware

| | |
|---|---|
| Universitas Education, LLC (judgment creditor) ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 11-1590-LTS-HBP |
| Nova Group, Inc., as trustee, sponsor and fiduciary ) | |
| of the Charter Oak Trust (judgment debtor) ) | (If the action is pending in another district, state where: |
| *Defendant* ) | Southern District of New York ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  WSFS Bank, Christiana Trust; ATTN: Operations Center, Legal Research Department
     409 Silverside Road, Suite 100, Wilmington, DE 19809

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Please see Schedule A attached hereto.

| Place: 1201 North Market Street, 18th Floor<br>Wilmington, DE 19899 | Date and Time:<br>07/09/2012 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  __06/25/2012__

*CLERK OF COURT*

_____   OR   _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  _____
Universitas Education, LLC (judgment creditor)_____, who issues or requests this subpoena, are:
Michael Barnett (MB7686), Loeb & Loeb LLP, 345 Park Avenue, 18th Floor, New York, NY 10154
Phone: 212-407-4163; Email: mbarnett@loeb.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 11-1590-LTS-HBP

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  (2) *Command to Produce Materials or Permit Inspection.*

  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  (3) *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;

  (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  (iv) subjects a person to undue burden.

  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information;

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

  (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  (2) *Claiming Privilege or Protection.*

  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  (i) expressly make the claim; and

  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A – BANK

## DOCUMENT REQUESTS

### Definitions

A.  Each document request covers the time period of June 1, 2008 to the present.

B.  These document requests incorporate the Uniform Definitions set out in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York.

C.  "Nova Group, Inc." and "Nova Group" refer to a Delaware corporation that has a business address at 100 Grist Mill Road, Simsbury, Connecticut.

D.  "Charter Oak Trust" refers to the Charter Oak Trust Welfare Benefit Plan, which may bear the federal Tax Identification Number 20-6225830.

E.  Trustee Wayne H. Bursey is an individual residing in Connecticut who is the President of Nova Group and Trustee of the Charter Oak Trust.

### Document Requests

1.  Documents sufficient to show the amount of funds being held pursuant to the Restraining Notice served simultaneously with this Subpoena.

2.  Copies of all bank statements, checks and wire transfers for bank, brokerage or trust accounts, whether active or inactive, open or closed, standing in the name or for the benefit of Nova Group, the Charter Oak Trust, and/or Trustee Wayne H. Bursey.

3.  Copies of all bank statements, checks and wire transfers for bank, brokerage or trust accounts, whether active or inactive, open or closed, in which Nova Group and/or the Charter Oak Trust has or had an interest, whether under the name of Nova Group, the Charter Oak Trust and/or Trustee Wayne H. Bursey, under another trade or corporate name, or in association with others.

4.  Documents sufficient to identify any safe deposit boxes standing in the name or for the benefit of Nova Group and/or the Charter Oak Trust, or in which Nova Group and/or the Charter Oak Trust has or had an interest, whether under the name of Nova Group, the Charter Oak Trust and/or Trustee Wayne H. Bursey, under another trade or corporate name, or in association with others.