IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **WILMINGTON SAVINGS FUND SOCIETY FSB**, as successor-in-interest to **CHRISTIANA BANK & TRUST COMPANY**,<br><br>Plaintiff,<br><br>v.<br><br>**UNIVERSITAS EDUCATION, LLC** and **RIDGEWOOD FINANCE II LLC**, as successor-in-interest to **RIDGEWOOD FINANCE, INC.**,<br><br>Defendants. | Civil Action No. 3:15-CV-00911-VLB |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE HEARSAY STATEMENTS AND STATEMENTS NOT BASED ON PERSONAL KNOWLEDGE FROM THE MEMORANDUM AND DECLARATION IN SUPPORT OF DEFENDANT UNIVERSITAS, LLC'S <u>MOTION TO STAY LITIGATION AND COMPEL ARBITRATION</u>**

In accordance with D. Conn. L. Civ. R. 7(a)(1), the Plaintiff Wilmington Savings Fund Society, FSB ("WSFS"), by and through its undersigned counsel, hereby submits this Memorandum of Law in support of its motion to strike those portions of defendant Universitas Education, LLC's ("Universitas") motion to stay litigation and compel arbitration (Dkt. No. 30, the "Motion to Compel Arbitration") and the Declaration of Shannon Lang in Support of the Motion to Stay Litigation and Compel Arbitration (Dkt. No. 31-2, the "Lang Declaration") that are not based on competent evidence.

In support hereof, WSFS states as follows:

## BACKGROUND AND APPLICABLE LAW

1. A court may strike portions of a declaration that are not based on the declarant's personal knowledge, that contain inadmissible hearsay or that make generalized conclusory statements. *See Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999). "A motion to strike is also appropriate if depositions contain testimony that contains hearsay, speculation or conclusory statements." *Newport Elec., Inc. v. Newport Corp.*, 157 F. Supp. 2d 20, 2082 (D. Conn. 2001).

2. This dispute concerns WSFS's request for a declaration, among others, that it is not subject to the arbitration provision upon which Universitas relies in support of the Motion to Compel Arbitration. On April 6, 2015, Universitas lodged an arbitration demand (the "Demand") against WSFS before the American Arbitration Association (the "AAA"), which erroneously alleges that WSFS is the "trustee" of a Connecticut trust to which WSFS is not a party. (*See* Dkt. No. 1, Ex. A1.) The Demand asserts that jurisdiction for the Arbitration before the AAA is proper based on an arbitration provision contained in the "Charter Oak Declaration of Trust" attached to the Demand. (*See* Am. Compl., Dkt. No. 34 at ¶ 10.)

3. The Charter Oak Declaration of Trust that Universitas relies on to state its claims in the Arbitration identifies as its trustee and plan sponsor an entity called Nova Group, Inc. ("Nova," and the trust, the "Nova COT"). (*See id.* at ¶ 11.) Universitas also asserts in the Demand that WSFS is required to arbitrate claims arising out of the Nova COT because Christiana Bank & Trust Company

("Christiana"), an entity acquired by WSFS in 2010, was allegedly the "Insurance Trustee" of the Nova COT. (*See id.* at ¶ 13.)

4. The allegation of Universitas that WSFS was a party to the Nova COT is wrong. In or about December 12, 2006, Christiana entered into a written contract (the "Appointment Agreement") with Ridgewood Finance, Inc., predecessor to Ridgewood Finance II LLC ("Ridgewood"), pursuant to which Christiana agreed to act as the "Insurance Trustee" under a certain declaration of trust, also called the Charter Oak Trust. (*See id.* at ¶¶ 15, 18.)

5. The Charter Oak declaration of trust that WSFS has in its files states that Grist Mill Capital, LLC ("Grist Mill") was the Plan Sponsor and Trustee of the trust (the "Grist Mill COT"). (*See id.* at ¶ 15.) The Appointment Agreement is unequivocal in its terms that Christiana was appointed as the Insurance Trustee under the "Declaration of Trust, dated as of October 1, 2006 … *entered into by Grist Mill Capital, LLC as Plan Sponsor* … establishing the Charter Oak Trust, a Connecticut non-statutory trust …." (*Id.,* Ex. B at ¶ 1.) (emphasis added).

6. All of the claims raised by Universitas in the Arbitration arise out of the Nova COT, which is the only exhibit attached to the Demand submitted by Universitas to the AAA. (*See* Dkt. No. 1, Ex. A1.) It is undisputed that the Nova COT forms the entire basis for Universitas' claims, and that the Nova COT contains the arbitration provision that Universitas alleges is dispositive here.

7. WSFS, however, is not a signatory to the Nova COT, nor is there any contract binding WSFS to act as the Insurance Trustee of the Nova COT. Instead,

3

as the Appointment Agreement states, Ridgewood appointed WSFS's predecessor Christiana as the Insurance Trustee under the Grist Mill COT.

## ARGUMENT

8. Universitas argues in support of its Motion to Compel Arbitration that the distinction between the Nova COT and the Grist Mill COT is of no moment because they are actually "the same trust." (Memorandum in Support of Motion to Compel Arbitration, hereinafter cited as "Memo," Dkt. No. 31 at 12.) Universitas, however, has presented no admissible evidence in support of its factual assertion that the Nova COT and the Grist Mill COT are different versions of the same trust declaration. Therefore, all "evidence" that Universitas submitted in support of this assertion should be stricken pursuant to Federal Rule of Civil Procedure 12(f).

9. Specifically, WSFS respectfully requests that the Court strike the following two pieces of evidence submitted by Universitas in support of the Motion to Compel Arbitration.

10. First, the Court should strike from paragraph 4 of Attorney Lang's Declaration the statement that the Grist Mill COT "is a true and correct copy of a *draft* of the Charter Oak Trust Declaration of Trust." (Lang Decl. at ¶ 4.) (emphasis added) Attorney Lang's statement is improper because it exceeds her personal knowledge. This is a lawyer's speculation based on second-hand sources of information. Counsel has provided no foundation for her personal knowledge to speak to this issue. Consequently, the statement is inadmissible and should be stricken. *See Doe v. City of Hartford*, 2004 WL 2377166 at *3 (D.

Conn. Oct. 13, 2004) ("This statement is made without any foundation for the asserted knowledge that might make it admissible. Absent some foundation, the testimony lacks a basis in personal knowledge and is stricken.").

11. Second, the Court should strike the excerpts of the testimony of Jack E. Robinson attached to Attorney Lang's Declaration as Exhibit D and any references to Mr. Robinson's testimony in Univeristas' brief. Universitas argues that the testimony of Mr. Robinson establishes that the Grist Mill COT was an "early draft" of the Charter Oak declaration of trust that was later amended to substitute Nova as the plan sponsor and fiduciary. (Memo. at 4-5, 12.) The excerpts of the testimony of Mr. Robinson attached as Exhibit D to Attorney Lang's Declaration are allegedly from the 2010 arbitration hearing between Universitas and Nova Group, Inc. WSFS and defendant Ridgewood were not parties to that action and Nova Group, Inc. is not a party to this case.

12. Federal Rule of Evidence 801 provides that inadmissible hearsay is "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." The alleged statement of Mr. Robinson that the Grist Mill COT was a draft occurred in a proceeding other than this one and was offered by Universitas in the Motion to Compel Arbitration solely for the purpose of proving that the Grist Mill COT is not the operative declaration of trust. *See, e,g., Marceline v. Delgado*, 2012 WL 517301 at *4 (D. Conn. Feb. 16, 2012) (holding that deposition transcripts constitute hearsay unless an exception to the hearsay rule applies); *see also Hollander*, 999 F. Supp. at 255-56 (holding that a party can make

5

a motion to strike affidavits if they contain inadmissible hearsay or are not made on the basis of personal knowledge). On its face, the alleged testimony was not taken under oath. Accordingly, it is hearsay to which there is no exception and should be stricken.

WHEREFORE, Plaintiff Wilmington Savings Fund Society, FSB, respectfully requests that the Court grant its motion to strike and enter any further relief that the Court deems just and proper.

Dated: August 14, 2015

> THE PLAINTIFF,
>
> WILMINGTON SAVINGS FUND SOCIETY FSB, as successor-in-interest to CHRISTIANA BANK & TRUST COMPANY
>
> By CUMMINGS & LOCKWOOD LLC
> Its Attorneys
>
> /s/ David T. Martin
> John W. Cannavino (ct06051)
> David T. Martin (ct27851)
> Six Landmark Square
> Stamford, CT 06901
> Tel.: (203) 327-1700
> Fax: (203) 708-3865
> E-mail: dmartin@cl-law.com
>
> *and*
>
> Joseph P. Davis III
> Greenberg Traurig, LLP
> One International Place
> Boston, MA 02110
> Tel.: (617) 310-6000
> Fax.: (617) 310-6001

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF system.

**/s/ David T. Martin (ct27581)**
**Cummings & Lockwood LLC**
**Six Landmark Square**
**Stamford, CT 06901**
**Phone: 203-327-1700**
**Fax: 203-351-4534**
**E-mail:   dmartin@cl-law.com**

3161413_1.docx 8/14/2015