IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLMINGTON SAVINGS FUND SOCIETY FSB | : | CIVIL ACTION NO. 3:15-cv-00911-VLB |
| Plaintiff, | : | |
| V. | : | |
| UNIVERSITAS EDUCTION, LLC, et al., | : | |
| Defendant | : | FEBRUARY 2, 2016 |

## NON-PARTY HALLORAN & SAGE LLP'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH

Pursuant to Rules 26(c) and 45 of the Federal Rules of Civil Procedure and Local Rule 7, Halloran & Sage LLP, a law firm that is not a party in the above-captioned case, submits this memorandum of law in support of its motion to quash the Subpoena served on December 28, 2015. In sum, the Subpoena should be quashed because a) it requires the disclosure of privileged material; and b) it subjects the non-party to undue burden.

## BACKGROUND

On December 28, 2015, Halloran & Sage LLP ("H&S"), a non-party, was served with the subject subpoena, commanding production of certain documents by January 15, 2016. As stated above, H&S is a Connecticut-based law firm. H&S has, in the past, represented various entities connected to the instant litigation, including Nova Group, Inc. and the Charter Oak Trust by and through its trustee, Wayne Bursey. The subpoena seeks 27 categories of documents, with a date range of January 2006 to the present, relating to 22 separate individuals, businesses and/or lawsuits. Many of the documents sought relate to litigation which the defendant in this case,



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Universitas Education, LLC ("Universitas"), was a party. In short, the universe of documents encompassed by this subpoena is massive. Attached hereto as Exhibit A is a copy of the subpoena with its affixed document requests.

Upon reviewing the subpoena, H&S attorney Joseph J. Arcata, III contacted plaintiff's counsel in an attempt to negotiate a compromise. From the start, Attorney Arcata expressed his view that the subpoena was improperly served on a non-party law firm, as opposed to the defendant in this lawsuit, who should be in possession of most if not all of the documents sought.

After continuing dialogue between Attorney Arcata and plaintiff's counsel, coupled with Attorney Arcata's representation that he would spend some time locating potentially responsive documents, plaintiff's counsel agreed to suspend the date upon which compliance was required (January 15, 2016)[1].

On January 14, 2016, Attorney Arcata forwarded three separate emails to plaintiff's counsel, containing hundreds of pages of responsive documents that he was able to locate after a search of several hours. See copy of email from Attorney Arcata explaining production, attached hereto as Exhibit B. Given the breadth and scope of the documents sought in the subpoena, Attorney Arcata's search focused on those categories of documents that plaintiff's counsel had indicated to him were of most interest:

    a.    Documents relating to the Nova/Universitas arbitration;

    b.    Documents relating to Ridgewood and the Appointment Agreement between Ridgewood and Christiana Bank & Trust Company; and

    c.    Documents relating to the Charter Oak Trust.

---

[1] Attorney Arcata expressly reserved the right to later contest the subpoena should a compromise not be reached.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN &SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Plaintiff's counsel continued to press Attorney Arcata for additional documents, despite his representations that H&S did not represent Nova Group, Inc. in connection with the Universitas Arbitration and that the documents produced were located after a physical search of H&S's files relating to same.

On January 27, Attorney Arcata sent the following email to plaintiff's counsel:

After receiving your subpoena, I agreed in good faith to spend several hours attempting to locate documents responsive to your requests. I forwarded to you what I was able to locate, which included hundreds of pages of documents. What we will not do, and the law is squarely on our side here, is undertake a search of every physical and electronic client file relating to this firm's representation of Nova and/or related entities over the years. That would be unduly burdensome, particularly when measured against the ease of obtaining the requested documents from other sources.

As I have made clear from the start, your subpoena is not properly directed at Halloran & Sage. We were not a party to any of the litigation referenced below. Not only were we not a *party* to any of the litigation referenced below, my firm did not represent Nova in the Universitas/Nova arbitration. As promised, I have turned over what I could locate regarding the arbitration, including transcripts from several of the sessions.

It is my understanding that counsel representing Nova in the Universitas arbitration may have produced documents with the bates prefix "NOVA". I was able to locate some of those in hard copy and produced them to you. After speaking to several of my colleagues, I do not believe that we possess any additional documents in the "NOVA" bates range. It would be my assumption that Universitas and/or counsel from the arbitration would have these documents at their fingertips. Halloran & Sage does not.

I hope you will agree to withdraw your subpoena as to Halloran. Please let me know your position as soon as possible.

On January 28, 2016, plaintiff's counsel emailed Attorney Arcata and advised that by the close of business on February 2, 2016, he either expected additional production or a representation from H&S that it had produced all responsive documents. Attached hereto as Exhibit C is a copy of the latest email chain between counsel[2].

---

[2] Attached hereto is an Affidavit from Attorney Arcata, attesting to the facts asserted in this Memorandum of Law.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

# ARGUMENT

I. The Subpoena And Its Accompanying Document Requests Is Objectionable On Several Grounds.

First, the service of the subpoena on a non-party law firm is completely improper, unnecessary and designed to harass. Indeed, it is apparent from the document requests that plaintiff seeks information that quite obviously would be in the possession of the defendant in this instant lawsuit, as opposed to the Movant law firm. The Movant is already aware of at least one other non-party who was served with a similar subpoena as well, evidencing that plaintiff also believes it can obtain these documents from multiple sources. In fact, plaintiff acknowledges that most, if not all, of the information sought relates to lawsuits in which the defendant to this suit, Universitas, was a party. Subjecting Halloran & Sage to a subpoena which seeks information that should be obtained from a party is nothing more than harassment and clearly inappropriate under Rule 45. The fact that plaintiff finds itself pressed up against a discovery deadline is no reason to subject a non-party law firm to an unduly burdensome subpoena.

The fact remains that Universitas is a party to this litigation and virtually all of the information sought can be more readily obtained from them than from Movant. "If the material sought by subpoena is readily available, either from a party to the action or from a public source, obtaining it through subpoena on a nonparty often will create an undue burden. The mere availability of the documents from another source, however, does not preclude a subpoena directed to a nonparty if the party serving the subpoena can show that it is more expeditious to

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

obtain the documents from the witness." 9 James Wm. Moore et al., Moore's ¶ 45.66 (3d ed.2012). In this instance, Movant fails to see how it is more expeditious to have a law firm produce documents than the defendant itself, particularly since the defendant was party to some of the very cases that the plaintiff seeks information from. In order to comply with plaintiff's subpoena, Movant would have to review every document relating to any of the 22 entities identified in the subpoena dating back to 2006. See Estate of Ungar v. Palestinian Authority, 332 Fed. Appx. 643 (2d Cir. 2009)(subpoena that asked law firm essentially for every document that law firm possessed relating to its representation of nonparty all over the world was overly broad and burdensome).

Second, aside from the fact that the subpoena seeks documents from a non-party which should be sought from Universitas, a party to this litigation, the subpoena itself is unduly burdensome and seeks documents that are protected by the attorney-client privilege and, thus, are not discoverable. In his latest correspondence to Attorney Arcata, plaintiff's counsel suggests that he is aware of 29 boxes of documents produced by clients of H&S to the Department of Labor that may contain responsive documents. Notwithstanding the burden of reviewing these documents for responsiveness when weighed against plaintiff's ability to obtain relevant discovery from actual parties to this case, these boxes, and other documents sought by the plaintiff, likely contain documents protected by the attorney-client privilege. Accordingly, the plaintiff's subpoena should be quashed in its entirety or a protective order entered.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CONCLUSION

For the foregoing reasons, H&S requests that the Court grant its motion to quash the subpoena and document production requests in their entirety. In the alternative, H&S requests that Court enter a protective order limiting the scope of the documents sought.

**NON-PARTY**
**HALLORAN & SAGE LLP**

By: /s/ Joseph J. Arcata, III
 Joseph J. Arcata, III (#ct27104)
 Halloran & Sage LLP
 225 Asylum Street
 Hartford, CT 06103
 Phone: (860) 297-4634
 Fax: (860) 548-0006
 E-Mail: arcata@halloransage.com

## CERTIFICATION

I hereby certify that on February 2, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's system.

/s/Joseph J. Arcata, III
Joseph J. Arcata, III

1965258v.1
6



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105