IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **WILMINGTON SAVINGS FUND SOCIETY FSB**, as successor-in-interest to **CHRISTIANA BANK & TRUST COMPANY**,<br><br>Plaintiff,<br><br>v.<br><br>**UNIVERSITAS EDUCATION, LLC** and **RIDGEWOOD FINANCE II LLC**, as successor-in-interest to **RIDGEWOOD FINANCE, INC.**,<br><br>Defendants. | Civil Action No. 3:15-CV-00911-VLB |

**PLAINTIFF WILMINGTON SAVINGS FUND
SOCIETY FSB'S MEMORANDUM OF LAW IN
<u>SUPPORT OF ITS MOTION FOR RECONSIDERATION</u>**

Evidence and disputed facts overlooked by the Court warrant reconsideration of the Court's ruling ("Order") on Universitas's motion to compel arbitration and a stay of proceedings ("Motion to Compel Arbitration") to prevent manifest injustice. Critically, in ordering the parties to arbitrate, the Court overlooked evidence that Universitas Education, LLC ("Universitas") waived its right to arbitrate under the Grist Mill COT. Plaintiff Wilmington Savings Fund Society, FSB ("WSFS") hereby files this motion to reconsider ("Motion to Reconsider") the Court's Order granting the Motion to Compel Arbitration for the following reasons.[1]

---

[1] **WSFS is mindful of the standard for reconsideration and does not raise in the Motion to Reconsider all of its appealable issues emanating from the Order. WSFS reserves its right to appeal findings of fact or rulings of law in the Order that are not addressed in the Motion to Reconsider.**

1

## BACKGROUND

Universitas engaged in extensive litigation related to the Spencer insurance policies prior to commencing the arbitration proceeding against WSFS in April 2015.  In 2010, Universitas commenced an arbitration proceeding against Nova Group, Inc. ("Nova"), Grist Mill Capital LLC ("Grist Mill Capital") and certain other parties on Universitas's claims that the Spencer death benefits under two life insurance policies were not paid to it by the trustee of the Charter Oak Trust (the "2010 Arbitration").  In a letter to the arbitration administrator of the 2010 Arbitration dated August 19, 2010, Universitas's counsel stated that Universitas was <u>dropping</u> all claims against Grist Mill Capital because "<u>no arbitration agreement exists between Universitas and Grist Mill Capital</u>" ("Universitas Arbitration Waiver") (emphasis added).[2]

WSFS was not a party to the 2010 Arbitration and does not have a copy of the original 2010 arbitration demand (the "2010 Arbitration Demand").[3]  However, the case caption in the Universitas Arbitration Waiver lists Grist Mill Capital as an adverse party to Universitas in American Arbitration Association case number 13 195 Y 1558 10, and Universitas's amended arbitration demand in the same proceeding (the "2010 Amended Arbitration Demand") neither references Grist

---

[2] A true and correct copy of the letter is attached hereto as Exhibit 1, of which the Court may take judicial notice as a document filed in Universitas's litigation against Nova in the Southern District of New York.  WSFS previously submitted the Universitas Arbitration Waiver to the Court as an exhibit to WSFS's motion to file supplemental brief in support of the motion to remand.  (*See* D.I. 88-2.)

[3] The 2010 Arbitration Demand should have been produced by Universitas in response to WSFS's request for the production of documents, but Universitas did not produce any responsive documents.

Mill Capital as a respondent nor alleges any claims against Grist Mill Capital.[4] The 2010 Amended Arbitration Demand alleges that Nova was the plan sponsor and trustee of the Charter Oak Trust Welfare Benefit Plan. (*See* 2010 Amended Arbitration Demand, ¶ 17.)

Universitas subsequently ratified the Universitas Arbitration Waiver by its conduct in related litigation after it received a multimillion dollar arbitration award against Nova in the 2010 Arbitration. In 2011, Universitas filed an action in New York state court to confirm the award, which was removed to the Southern District of New York. (*See* Exhibit 3, SDNY Docket Sheet for 1:11-cv-01590-LTS-HBP.) Nova around the same time filed an action in Connecticut state court to vacate the arbitration award. Universitas removed that action to federal court and had the matter transferred to the Southern District of New York and consolidated with the Universitas confirmation case (the "SDNY Litigation"). (*See* Exhibit 4, Judge Swain's endorsed order.) Universitas then engaged in extensive litigation proceedings to confirm the arbitration award and to collect on the judgment— *e.g.*, the lead case in the SDNY Litigation remains active and contains 590 docket entries. Throughout the course of those proceedings, Universitas limited its claims to those arising under the Nova COT.

WSFS was not a party to the 2010 Arbitration or the SDNY Litigation and did not participate in any proceedings. Thus, at the time the Motion to Compel Arbitration was being briefed at the outset of this action, WSFS was unaware that

---

[4] A true and correct copy of the 2010 Amended Arbitration Demand is attached hereto as Exhibit 2, of which the Court may take judicial notice as a document filed in Universitas's litigation against Nova in the Southern District of New York.

3

Universitas had admitted in the 2010 Arbitration that no arbitration agreement exists between Universitas and Grist Mill Capital.  In addition, Universitas's original arbitration demand against WSFS at the center of this case asserted no claim against Grist Mill Capital or arising under the Grist Mill COT ("2015 Arbitration Demand").  (*See* 2015 Arbitration Demand, D.I. 1-1.)  In Universitas's amended 2015 Arbitration Demand dated August 26, 2015 ("Amended 2015 Arbitration Demand"), Universitas alleged for the first time that "Nova replaced a prior (and perhaps only proposed) Plan Sponsor, Grist Mill Capital, LLC," and further alleged that WSFS aided and abetted the breaches of fiduciary duties of Nova, as successor to Grist Mill Capital.  (*See* Amended 2015 Arbitration Demand, D.I. 48-2, ¶¶ 26, 71.)

In January 2016, long after briefing was completed on the Motion to Compel Arbitration, WSFS discovered—buried within the nearly 600 docket entries in the SDNY Litigation—the Universitas Arbitration Waiver as an exhibit to an affidavit of Daniel E. Carpenter filed in opposition to a motion of Universitas for turnover and permanent injunction.  (*See* Exhibit 5, Declaration of David T. Martin.)  WSFS promptly brought the Universitas Arbitration Waiver to this Court as Exhibit 1 to WSFS's motion for leave to file supplemental brief in support of motion to remand, arguing that Universitas is "estopped from taking the position that it is entitled to arbitrate a claim arising out of the Grist Mill COT."  (*See* Plaintiff's Supplemental Brief in Support of Motion to Remand, D.I. 88-1, at 5; Exhibit 1, D.I. 88-2.)

The Universitas Arbitration Waiver should have come to light quickly if Universitas had complied with WSFS's discovery requests.[5] Likewise, the Universitas Arbitration Waiver should have been revealed at the outset of this case if Universitas had answered the complaint or amended complaint.  Instead, Universitas never filed a responsive pleading (filing instead the Motion to Compel Arbitration) and refused to produce documents after originally agreeing to do so.  WSFS took all reasonable measures within the Federal Rules of Civil Procedure to obtain or compel compliance by Universitas with its discovery obligations by conducting a meet and confer over the document production, filing the motion to compel (D.I. 81) and filing a motion for discovery dispute conference (D.I. 83).  However, the Court took no timely action on these motions and ultimately denied them as moot after granting the Motion to Compel Arbitration.

## LEGAL STANDARD

"[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "The major

---

[5] Universitas's Arbitration Waiver falls under the scope of WSFS's Request for Production Nos. 1, 4, 5 and 15 to Universitas, served on August 28, 2015—the same day Universitas represented to the Court in its reply to the Motion to Compel Arbitration that WSFS would be subject to arbitration under the Grist Mill COT.  With respect to these four requests, Universitas responded that subject to and without waiving its objections, it will produce any responsive materials in its possession, custody, or control.  Universitas did not produce any documents in response to the requests.  Counsel for WSFS then attempted to resolve the discovery disputes with counsel for Universitas by phone and by email. Counsel for Universitas by email stated that Universitas would produce documents by December 20, 2015.  However, no documents were produced, and WSFS filed its motion to compel.  (*See* D.I. 81, D.I. 81-1.)

5

grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). "That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider." *Soong v. Antonetti*, No. CIVA307CV155JCH, 2007 WL 1545936, at *1 (D. Conn. May 29, 2007) (citing *Eisemann v. Greene*, 203 F.3d 393, 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.")). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented before the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). *See also Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc.*, 265 F.3d 97, 115 (2d Cir. 2001) (noting that arguments raised for the first time on a motion for reconsideration may be rejected as untimely). As argued below, reconsideration is justified in this case.

## ARGUMENT

Although there is no specific rule of civil procedure addressing motions to compel arbitration, many courts have viewed them as akin to a motion for summary judgment. "In the context of motions to compel arbitration brought under the Federal Arbitration Act . . ., the court applies a standard similar to that applicable for a motion for summary judgment." *Bensadoun v. Jobe-Riat*, 316

F.3d 171, 175 (2d Cir. 2003).  "If there is an issue of fact as to the making of the agreement for arbitration, then a trial is necessary."  *Id.*

In a case that is instructive as to the standard of review in situations, like this one, where the motion to compel arbitration was filed at the outset of the arbitrability case, the Third Circuit Court of Appeals reviews such motions under the Rule 12(b)(6) motion to dismiss standard.  In *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013), the Third Circuit explained:

> To summarize, when it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay. But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on the question. After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard. In the event that summary judgment is not warranted because the party opposing arbitration can demonstrate, by means of citations to the record, that there is a genuine dispute as to the enforceability of the arbitration clause, the court may then proceed summarily to a trial regarding the making of the arbitration agreement or the failure, neglect, or refusal to perform the same, as Section 4 of the FAA envisions.

*Id.* at 776.

In this case, WSFS met the Rule 12(b)(6) standard to entitle it to discovery as well as the standard in *Bensadoun* to be afford an evidentiary hearing.  WSFS pled a claim for declaratory relief, brought the Universitas Arbitration Waiver to the Court's attention and raised disputed material facts as to any agreement to arbitrate claims brought by Universitas under the Grist Mill COT, Nova COT or

7

any other purported Charter Oak Trust.  Rather than ensuring that discovery proceeded and an evidentiary hearing was held, the Court instead declined to enforce Universitas's discovery obligations and granted the Motion to Compel Arbitration without conducting a hearing or considering the Universitas Arbitration Waiver and disputed material facts.

I. **The Court Overlooked Evidence Showing That Universitas Waived Any Right To Arbitrate Under The Grist Mill COT**

The Court's finding that WSFS agreed to arbitrate claims made by Universitas under the Grist Mill COT ignores evidence showing that Universitas waived any contractual right it may have had to arbitrate such claims.  During the 2010 Arbitration, Universitas dropped all claims it had asserted against Grist Mill Capital in the Universitas Arbitration Waiver and admitted that "no arbitration agreement exists between Universitas and Grist Mill Capital."  By doing so, Universitas is estopped from arbitrating claims arising under the Grist Mill COT.

The Universitas Arbitration Waiver is an admission by Universitas as a statement of a party opponent that there is no agreement by Universitas to arbitrate claims arising under the Grist Mill COT.  *See Hausler v. JP Morgan Chase Bank, N.A.,* No. 09-CV-10289 VM, 2015 WL 5236481, at *16 (S.D.N.Y. Aug. 4, 2015) (court may consider a judicial admission as an evidentiary admission in another case); *Hanson v. Waller*, 888 F.2d 806, 814 (11th Cir. 1989) (hearsay exception for statements by agent of party opponent includes statements by attorney in representational capacity).  The Court found that "there is no *evidence* demonstrating that a trust named COT and sponsored by Nova held the Spencer policies." (Order, D.I. 105, at 31 n.10 (emphasis in original).)  In the absence of

8

such evidence, the Universitas Arbitration Waiver bars arbitration of the claims raised in the Amended 2015 Arbitration Demand unless WSFS consents to do so. As the Court noted, "[t]here is no dispute that Wilmington refuses to arbitrate with Universitas . . . ." (*Id.* at 33.)

The Universitas Arbitration Waiver directly contradicts Universitas's representation in its reply to the Motion to Compel Arbitration that the claims made by Universitas are subject to arbitration under the Grist Mill COT. (*See* D.I. 48, at 3-4.) Universitas had an obligation under the Federal Rules of Civil Procedure and to the Court not to take legal positions unfounded in the law, to deny or allege factual contentions contradicted by evidence it possess, or assert improper representations to the Court. *See Oliveri v. Thompson,* 803 F.2d 1265, 1267 (2d Cir. 1986) (Attorneys must meet "obligations of truth, candor, accuracy, and professional judgment that are expected of them as officers of the court."). Universitas also was obligated to disclose the Universitas Arbitration Waiver in its Rule 26 initial disclosure as addressing the consequences of the waiver was a necessary component of its defense in this case. Universitas further was obligated to make timely production of the document in response to WSFS's document requests. Despite these obligations of candor to the Court and WSFS, Universitas stayed silent as to the document's existence and withheld the document from production or disclosure.

Universitas's silence and delay has prejudiced WSFS. Now, key material witnesses are unavailable because of death (Wayne Bursey passed away in 2015),

9

incarceration (Daniel E. Carpenter), or job changes.[6] The claims against WSFS—arising out of the same nucleus of operative facts as Universitas's claims against Nova under the Nova COT—were available to Universitas in 2010 and should have been raised then. Instead, Universitas renounced the existence of any agreement to arbitrate with Grist Mill Capital in the 2010 Arbitration and subsequently engaged in years of litigation in the Southern District of New York to confirm its arbitration award and collect on the judgment Universitas obtained based on claims asserted solely under the Nova COT. *See Apple & Eve, LLC v. Yantai N. Andre Juice Co., Ltd.*, 610 F. Supp. 2d 226, 229 (E.D.N.Y. 2009) (party impliedly waives its right to arbitrate by "engaging in protracted litigation that results in prejudice to the opposing party"). Universitas should be estopped from contending now that WSFS is required to arbitrate the claims asserted in the Amended 2015 Arbitration Demand under the terms of the Grist Mill COT as it waived any such contractual right five years ago.[7]

---

[6] A true and correct copy of Wayne Bursey's death certificate is attached hereto as Exhibit 6, of which the Court may take judicial notice as a document filed in the criminal case against Daniel E. Carpenter and Wayne Bursey in the District of Connecticut.

[7] Waiver by Universitas's litigation-related activity is a proper issue for this Court to decide. *See Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, 13-14 (1st Cir. 2005) (holding the United States Supreme Court did not intend to disturb the traditional rule that waiver by conduct, at least due to litigation-related activity, is presumptively an issue for the court); *Discover Property & Cas. Ins. Co. v. Tetco, Inc.*, No. 3:12CV473 JBA, 2014 WL 685367, at *6 (D. Conn. Feb. 19, 2014) ("waiver by litigation conduct is an issue to be decided by the Court in the first instance"); *Apple & Eve*, 610 F. Supp. 2d at 223 ("[C]ourts in this Circuit have continued to apply Second Circuit precedent . . . to address the waiver issue in cases involving litigation before the Court"). *Cf. Tech. in P'Ship, Inc. v. Rudin*, 538 F. App'x 38, 39 (2d Cir. 2013) (deciding the issue of waiver by litigation conduct); *Baker & Taylor, Inc. v. AlphaCraze.Com Corp.*, 602 F.3d 486, 490-92 (2d Cir. 2010) (same);

WSFS respectfully requests that the Court reconsider the Order and deny the Motion to Compel Arbitration after taking into account the Universitas Arbitration Waiver and related litigation conduct. To the extent that there is any factual dispute as to whether this evidence mandates denial of the Motion to Compel Arbitration and entry of judgment in favor of WSFS, the Court should allow reasonable discovery to go forward and schedule an evidentiary hearing on the merits of this case as WSFS has presented "evidentiary facts showing that there is a dispute of fact to be tried." *Oppenheimer & Co., Inc. v. Neidhardt*, 56 F. 3d 352, 358 (2d Cir. 1995).

II.  <u>The Court Overlooked Material Factual Disputes In the Record</u>

If the Court deems the Universitas Arbitration Waiver not to be dispositive, then reconsideration should be granted to resolve certain material factual disputes left undecided in the Order in order to prevent manifest injustice. The fundamental factual issues as to (1) whether WSFS agreed to act as insurance trustee for the owner of the Spencer policies and (2) whether any such declaration of trust includes a binding arbitration clause have not been determined by this Court.

The Court's Order did not resolve the disputed fact of whether WSFS agreed to arbitrate Universitas's claims under the Nova COT. "The Supreme Court has observed that consent is the foundation of arbitration . . ., and [the Second Circuit] ha[s] emphasized that a party may be compelled to arbitrate a

---

*Louisiana Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 626 F.3d 156, 159-60 (2d Cir. 2010) (same); *Brookridge Funding Corp. v. Nw. Human Res., Inc.*, 170 F. App'x 170, 171 (2d Cir. 2006) (same).

dispute only if he or she has agreed to arbitration[.]" *Filho v. Safra Nat. Bank of New York*, 489 Fed. App'x. 483, 484 (2d Cir. 2012).  There is no evidence in the record that WSFS consented to be bound by the Nova COT.  In the absence of such evidence, the Motion to Reconsider should be allowed and an evidentiary hearing (after discovery has concluded) should be conducted to determine whether, as a matter of fact, WSFS consented to the Nova COT and the arbitration clause contained within it.

      The Court, however, found the issue to be immaterial because the Court determined that WSFS agreed to act as the insurance trustee to the Spencer policies when one of the Spencer policies was placed in a trust account opened by WSFS incident to the its appointment as insurance trustee of the Grist Mill COT.  (*See* Order, D.I. 105, at 31-32.)  This finding is wrong as a matter of law and fact.  The duties of WSFS as insurance trustee were limited to the performance of such duties under the Grist Mill COT consistent with the express terms of the Appointment Agreement.  Further, the Grist Mill COT limited WSFS's authority as the Insurance Trustee to only those policies that were controlled by Grist Mill Capital.  (*See* Grist Mill COT, D.I. 44-2, Section 5.04 ("All such insurance contracts shall be owned by the Plan, and controlled solely by the Plan Sponsor as the Named Fiduciary, except as otherwise provided herein.").)  While it is true that under Connecticut law, "[o]ne owning property can create an enforceable trust by a declaration that he holds the property as trustee for the benefit of another person[,]" *Hansen v. Norton*, 172 Conn. 292, 295-96 (1977), "[n]o trust, however, is created unless [WSFS] presently and unequivocally manifests an intention to

impose upon himself enforceable duties of a trust nature . . . ." *Palozie v. Palozie*, 283 Conn. 538, 546 (2007).  Mere possession of the Spencer policies does not make WSFS a trustee.  Furthermore, the delivery to WSFS of policies in which the named beneficiary was a trust other than the Grist Mill COT did not transform the Spencer policies into property of the Grist Mill COT.  Rather a constructive bailment occurred when WSFS took possession of the Spencer policies since these policies were not owned by the Grist Mill COT and such possession was by mistake or accident.  *See H.J. Kelly & Assocs. v. City of Meriden*, No. CV030285781, 2008 WL 496688, at *7 (Conn. Super. Ct. Jan. 17, 2008) ("[A] constructive bailment arises when possession of personal property passes from one person to another by mistake or accident.").

Thus, in the absence of a contractual agreement to arbitrate any claims arising under the bailment, simply depositing the Spencer policies in a Grist Mill COT vault account did not establish as a matter of fact that WSFS consented to an arbitration clause in a declaration of trust that it never saw.  The issue of such consent, which goes directly to the key issue of whether an agreement to arbitrate was made, is a disputed factual issue that requires discovery and a hearing.

Furthermore, there is no evidence before the Court as to the identity of the owner of the Spencer policies.  The best evidence as to which Charter Oak declaration of trust (if any) owned the Spencer policies are the Spencer policies themselves and their respective applications for insurance.  None of those documents were attached to the Motion to Compel Arbitration.  The evidence

13

available to date reveals that neither the Grist Mill COT nor Nova COT is the stated owner of the policies.  According to the policies deposited with WSFS and produced in this litigation, the owner of the policies was "Wayne Bursey, Trustee of the Charter Oak Trust, Dated October 1, 2006[.]"  (*See* Exhibits A and B to Declaration of Jeffrey Everhart attached hereto as Exhibit 7.)  In 2009, "Wayne Bursey, Trustee of the Charter Oak Trust Welfare Benefit Plan" brought suit against Lincoln National Life Insurance Company in the United States District Court for the District of Connecticut seeking payment of the Spencer death benefits, alleging that "Wayne Bursey [is] Named Trustee of the Charter Oak Trust Welfare Benefit Plan[.]"[8]  In addition, according to evidence submitted by Universitas in the SDNY Litigation, Lincoln National Insurance Company made out the checks for the Spencer death benefits to "Charter Oak Trust DTD 10/1/06 Wayne Bursey TTEE."[9]  Thus, the evidence appears to show that the owner of the Spencer policies was not the Grist Mill COT or Nova COT.  More importantly, Universitas has presented no evidence that WSFS consented to, or that a declaration of trust even exists, in which Wayne Bursey was the trustee of the Charter Oak Trust.  Certainly WSFS has no such document.  (*See* Decl. Jeffrey Everhart, D.I. 44-2, ¶ 8.)

---

[8] A true and correct copy of the complaint is attached hereto as Exhibit 8, of which the Court may take judicial notice as a document filed in a civil action in the District of Connecticut.

[9] True and correct copies of the checks are attached hereto as Exhibit 9, of which the Court may take judicial notice as documents filed in Universitas's litigation against Nova in the Southern District of New York.

14

To the extent that Universitas contends that the Nova COT and "Wayne Bursey, Trustee of the Charter Oak Trust, Dated October 1, 2006" declaration of trust are revisions to or are superseding versions of the Grist Mill COT, there is no evidence before the Court that the Grist Mill COT was altered or changed in any way. The terms of the Grist Mill COT required WSFS, as insurance trustee, to consent in writing to any changes or amendments. According to Section 3.04 of the Grist Mill COT, "[t]he Plan Sponsor, *only with the Consent of the Insurance Trustee*, may make from time to time any amendment or modification to this Plan or Trust." (Grist Mill COT, D.I. 44-2, Section 3.04 (emphasis added).) Such consent was required to be in writing. (*See id.*, Section 2.05.) No evidence has been presented that WSFS ever gave such written consent (or that any plan sponsor even sought such consent). Once again, a disputed issue of material fact remains open.

Moreover, the Court's decision seems to hinge on a finding that "[i]t is also undisputed that both policies were monitored by Wilmington." (Order, D.I. 105, at 31-32.) This point is disputed (to the extent that it is material). There is no evidence in the record to support a finding that WSFS monitored, or had a duty to monitor, the Spencer policies. There is also no evidence as to what "monitored" even means.

Because there are material factual disputes, the parties should be allowed to proceed with discovery and be afforded an evidentiary hearing in order for the Court to resolve these disputes and to rule on the Motion to Compel Arbitration.

15

## CONCLUSION

Based on the foregoing, WSFS respectfully requests that the Court grant the Motion to Reconsider, reverse the ruling in the Order, and either (1) deny the Motion to Compel Arbitration and enter judgment for WSFS as Universitas has waived any right to arbitrate under the Grist Mill COT, or (2) allow discovery to continue and conduct an evidentiary hearing on the merits of the amended complaint in accordance with the pretrial schedule.

Dated:  March 2, 2016            THE PLAINTIFF,

                                          WILMINGTON SAVINGS FUND SOCIETY
                                          FSB, as successor-in-interest to
                                          CHRISTIANA BANK & TRUST COMPANY

                                          By CUMMINGS & LOCKWOOD LLC
                                          Its Attorneys

                                          <u>/s/ David T. Martin</u>
                                          John W. Cannavino (ct06051)
                                          David T. Martin (ct27851)
                                          Six Landmark Square
                                          Stamford, CT  06901
                                          Tel.: (203) 327-1700
                                          Fax: (203) 708-3865
                                          E-mail: dmartin@cl-law.com

                                          *and*

                                          Joseph P. Davis III
                                          Greenberg Traurig, LLP
                                          One International Place
                                          Boston, MA 02110
                                          Tel.:  (617) 310-6000
                                          Fax.: (617) 310-6001
                                          E-mail: davisjo@GTLAW.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on March 2, 2016, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.  Parties may access this filing through the court's CM/ECF system.

/s/ David T. Martin
**Cummings & Lockwood LLC**
**Six Landmark Square**
**Stamford, CT  06901**
**Tel.: (203) 327-1700**
**Fax: (203) 708-3865**
**E-mail: dmartin@cl-law.com**

3225960_1.docx 3/2/2016