IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **WILMINGTON SAVINGS FUND SOCIETY FSB**, as successor-in-interest to **CHRISTIANA BANK & TRUST COMPANY**,<br><br>Plaintiff,<br><br>v.<br><br>**UNIVERSITAS EDUCATION, LLC** and **RIDGEWOOD FINANCE II LLC**, as successor-in-interest to **RIDGEWOOD FINANCE, INC.**,<br><br>Defendants. | Civil Action No. 3:15-CV-00911-VLB |

**PLAINTIFF WILMINGTON SAVINGS FUND SOCIETY FSB'S
<u>REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION</u>**

**John W. Cannavino (ct06051)**
**David T. Martin (ct27851)**
Six Landmark Square
Stamford, CT 06901
Tel.: (203) 327-1700
Fax: (203) 708-3865

**Joseph P. Davis III**
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
Tel.: (617) 310-6000
Fax.: (617) 310-6001

*Attorneys for Plaintiff*

**INTRODUCTION**

The Court can put to rest whether the August 19, 2010 letter is a party admission that no arbitration agreement exists between WSFS and Universitas by reviewing Universitas's original arbitration demand against Grist Mill Capital.[1] That arbitration demand is in Universitas's possession. Yet, absent from Universitas's Response to Plaintiff's Motion for Reconsideration ("Opposition") is any factual support that the letter is not a party admission. Instead, Universitas attempts to downplay the significance of its admission by characterizing the letter as "speculative interpretation" and claiming that WSFS "has shown nothing more than that Universitas, in August 2010, … declined to pursue claims against Grist Mill Capital, LLC." (Opposition, at 9, 16 n.6.)

Viewing the letter as a party admission is in no way speculative and is consistent with WSFS's position from the start, which is that the Grist Mill COT and Nova COT are two different trust declarations and that Christiana (WSFS's predecessor) did not consent to any subsequent modification or amendment of the Grist Mill COT and is not bound by any arbitration provision in any such altered document. In demanding arbitration against Nova in 2010 over the same Spencer death benefits at issue in this action and unequivocally stating that "no arbitration agreement exists between Universitas and Grist Mill Capital," Universitas admitted that the Grist Mill COT does not apply to its claims seeking payment of the Spencer death benefits and that the Nova COT is the operative document to demand arbitration.

---

[1] **All capitalized terms that are not defined herein shall have the meanings set forth in the Motion for Reconsideration.**

1

In addition, Universitas provides no explanation why it failed to produce the letter and the original arbitration demand against Grist Mill Capital to WSFS. Instead, Universitas harps on WSFS's purported lack of diligence and attempts to portray the letter as a waiver issue to be decided by the arbitrator. Universitas is incorrect. WSFS brought the letter to this Court's attention as soon as it was uncovered, and the letter goes to the heart of arbitrability – an issue that is presumptively for the Court to decide.

## ARGUMENT

### A. The August 19, 2010 Letter Warrants Reconsideration

Universitas asserts that the August 19, 2010 letter is not "new evidence" and that WSFS failed to exercise due diligence to bring the letter to the Court's attention prior to the February 17, 2016 Memorandum of Decision. (*See* Opposition, at 9-11.) Universitas is correct that the letter is not "new evidence." Rather, WSFS's position is that the Court overlooked evidence in the record in deciding the Motion to Compel Arbitration, and the overlooked evidence warrants reconsideration.[2] *See Dailey v. Societe Generale*, 108 F.3d 451, 461 (2d Cir. 1997) (remanding fee application for reconsideration because the district court may have overlooked a letter challenging the application); *In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*, No. 07 CIV. 10470, 2015 WL 4939602, at *2 (S.D.N.Y. Aug. 19, 2015) (granting reconsideration where the court overlooked portions of expert reports submitted after briefing on summary judgment closed); *Schoolcraft v. City of New York*, 298 F.R.D. 134, 137 (S.D.N.Y. 2014) (granting

---

[2] *See* Motion for Reconsideration, D.I. 107-1, at 4, 8.

reconsideration where the court overlooked the fact that motion to add counterclaims was delayed because evidence was withheld).

The cases Universitas relies upon are distinguishable and underscore Universitas's failure to disclose the letter. In *Universal Trading & Inv. Co., Inc. v. Credit Suisse (Guernsey) LTD.*, No. 12 Civ. 0198(PAC), 2013 WL 1404805, at *2 (S.D.N.Y. Apr. 5, 2013), the court concluded that certain information concerning a trust was not "new evidence" because the plaintiffs knew of the existence of the trust for several years and had engaged in prior litigation related to the trust. Likewise, in *Mills v. State of New York*, No. 98Civ.1326(LBS)(JCF), 2004 WL 433788, at *2 (S.D.N.Y. Mar. 10, 2004), the court found that the plaintiff was aware of the "new evidence" because she raised the very same claim in a complaint filed several years earlier. There is no such longstanding knowledge of the letter here. WSFS first discovered the letter in January 2016 and promptly filed it with the Court just a few weeks later. Therefore, Universitas's new evidence cases are not applicable here.[3]

While it is true that the letter was filed on November 20, 2013, in the Southern District of New York, WSFS did not know of its existence until January 2016.[4] (*See* Declaration of David T. Martin, D.I. 107-6, ¶ 4.) Despite Universitas's self-serving assertion that WSFS should have divined the existence of the August

---

[3] And even were the Court to view the letter as new evidence, as opposed to an overlooked item in the record, courts in this District have granted motions for reconsideration based on the submission of new evidence in the form of a court docket entry. *See Diaz v. U.S.*, Nos. 3:94CR00026, 3:94CV00719, 2005 WL 1802230, at *4 (D. Conn. July 27, 2005).

[4] As the letter is dated August 19, 2010, Universitas knew of its existence for more than three years prior to its public disclosure and for almost five years before bringing the arbitration demand against WSFS.

3

19, 2010 letter sooner, the fact remains that the letter was squarely in the scope of the discovery requests that WSFS served on August 28, 2015, and to which Universitas *never responded*. Absent sheer luck, WSFS might not have discovered Universitas's express admission that "no arbitration agreement exists between Universitas and Grist Mill Capital." Indeed, the letter was buried as an exhibit in one of the nearly 600 docket entries in the SDNY Litigation. Upon discovery, WSFS promptly filed it with the Court while both the Motion to Compel Arbitration and the Motion to Remand were pending. As both motions were dealt with in the Memorandum of Decision, it appears that the Court considered and decided these motions together as it is within the Court's inherent power to do so in managing its docket. *See, e.g., Interstate Investors, Inc. v. United States*, 287 F. Supp. 374, 378 (S.D.N.Y. 1968) (considering and deciding together all five pending motions).

The Court should not discount the significance of the letter simply because it was filed in connection with the Motion to Remand as Universitas invites the Court to do. (*See* Opposition, D.I. 114, at 6, 10.) Choosing form over substance in this instance would reward Universitas for its disregard of its discovery obligations and punish WSFS for litigating in the dark through no fault of its own. Courts have uniformly disapproved of a party's lack of candor in discovery (particularly when the evidence falls within discovery requests) and have consistently reconsidered prior decisions under these circumstances. *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1337 (5th Cir. 1978) (granting new trial where plaintiff's counsel, after adverse jury verdict and final judgment, learned that

4

defendant had failed to disclose evidence within the scope of plaintiff's discovery requests); *Canady v. Erbe Elektromedizin GmbH*, 99 F. Supp. 2d 37, 47-49, n.24 (D.D.C. 2000) (granting relief from judgment where defendants' withheld documents were "clearly responsive" to plaintiffs' document request and taking note of defendants' "still-unexplained failure to produce responsive, relevant documents"); *Intel Corp. v. Advanced Micro Devices, Inc.*, No. C-90-20237-WAI, 1993 WL 135953, at *4 (N.D. Cal. Apr. 15, 1993) (granting new trial where defendant was diligent in making discovery requests, plaintiff had constructive knowledge and possession of the requested documents, and the existence of the documents was not divulged); *Rosen v. Nichols Yacht Sales, Inc.*, No. 87 Civ. 7628(CES), 1990 U.S. Dist. LEXIS 5339, at *8 (S.D.N.Y. May 7, 1990) (granting relief from judgment where withheld evidence was clearly within defendant's original discovery request).[5]

In *Rozier*, the Fifth Circuit found it noteworthy to remind litigants that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." 573 F.2d at 1345 (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). "The aim of these liberal discovery rules is to make a trial less than a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Id.* at 1346 (quoting *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 683 (1958)). These principles apply equally here. Universitas should not be rewarded for its failure to meet its discovery

---

[5] These cases concern relief from judgment under Rule 60(b) because Universitas relies on Rule 60(b) cases in its Opposition.

5

obligations and its lack of candor at the expense of WSFS's diligence and due process.

  **B.**  <u>Arbitrability and Litigation Conduct Waiver Are Issues for the Court</u>

Universitas asserts that the letter is an affirmative defense and should be decided by the arbitrator under *Republic of Ecuador v. Chevron Corp.,* 638 F.3d 384 (2d Cir. 2011). (*See* Opposition, D.I. 114, at 11-15.) Universitas is wrong.

First, the letter is an admission by Universitas as a statement of a party opponent that there is no agreement by Universitas to arbitrate claims arising under the Grist Mill COT. Universitas has presented no factual support to the contrary. There is no agreement to arbitrate under the Nova COT because WSFS never entered into a contract agreement to arbitrate claims arising out of the Nova COT and never gave the required written consent (because Christiana was never consulted) for Nova to replace Grist Mill Capital as the Plan Sponsor. As the Second Circuit stated in *Ecuador*, the Court "must first resolve the question of the very existence of the contract embodying the arbitration clause." 638 F.3d at 392 (internal brackets, quotation marks and citation omitted). The August 19, 2010 letter goes to the heart of arbitrability, which is subject to judicial determination.

Second, independent of the arbitrability issue, Universitas decided in 2010 that the Nova COT was the operative document to demand arbitration, engaged in arbitration, then extensively litigated in the Southern District of New York to confirm its arbitration award and to collect on the judgment based on the Nova

COT.⁶ Even if a valid arbitration agreement exists between Universitas and WSFS under the Grist Mill COT, and it does not, Universitas has waived any contractual right to arbitrate under the Grist Mill COT. Waiver by litigation-related activity is for the Court to decide.

In *Doctor's Associates, Inc. v. Distajo*, 66 F.3d 438, 456 (2d Cir. 1995), the Second Circuit distinguished "between cases where the waiver defense was based on prior litigation by the party seeking arbitration—when the court should decide the issue of waiver—and those when the defense was based on other actions" and concluded that it was "bound to hold that a district court may reach the question of waiver whenever a party seeking arbitration has engaged in any prior litigation." *Id.* at 456 n.12. *Distajo* remains binding precedent. *See Jones v. Coughlin*, 45 F.3d 677, 679 (2d Cir. 1995) (per curiam) ("A decision of a panel of this Court is binding unless and until it is overruled by the Court en banc or by the Supreme Court."). While *Ecuador* cites to *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002), which involved no allegations of waiver, for the proposition that waivers and estoppel are issues presumptively for the arbitrator to decide, the Second Circuit recognized that statement as dicta in *Ecuador* and did not find that *Howsam* overruled *Distajo*. *See* 638 F.3d at 394.

Moreover, and consistent with the holding in *Distajo*, in analyzing the same dicta in *Howsam*, the First, Third, Sixth, and Eleventh Circuits distinguished

---

⁶ Universitas asserts that Nova has been judicially determined to be the Plan Sponsor and Trustee of the Charter Oak Trust holding the Spencer policies. (*See* Opposition, D.I. 114, at 5.) That is because Universitas decided to demand arbitration based on the Nova COT. The question of multiple Plan Sponsors was not raised in previous litigation.

7

*Howsam* and concluded that "it is presumptively for the courts to adjudicate disputes about whether a party, by earlier litigating in court, has waived the right to arbitrate." *Grigsby & Assoc., Inc. v. M Sec. Inv.*, 664 F.3d 1350, 1353 (11th Cir. 2011) (citing cases in the First, Third, and Sixth Circuits).

Post *Ecuador*, the Second Circuit and district courts continue to follow *Distajo* and decide waiver by litigation-related activity. *See, e.g., Tech. in P'ship, Inc. v. Rudin*, 538 F. App'x 38, 39 (2d Cir. 2013) (deciding the waiver by litigation issue); *LG Electronics, Inc. v. Wi-LAN USA, Inc.*, No. 13-CV-2237-RA, 2014 WL 3610796, at *4 (S.D.N.Y. July 21, 2014) (deciding the waiver by litigation issue), *aff'd*, 623 Fed. App'x. 568 (2d Cir. 2015) (deciding the waiver by litigation issue with affirmance); *Winter Inv'rs, LLC v. Panzer*, No. 14 CIV. 6852 KPF, 2015 WL 5052563, at *9 n.6 (S.D.N.Y. Aug. 27, 2015) (recognizing courts decide claims of waiver based on litigation conduct); *Ralph Lauren Corp. v. U.S. Polo Assoc., Inc.*, No. 13 Civ. 7147, 2014 WL 4377852, at *5 (S.D.N.Y. Sept. 4, 2014) (acknowledging *Ecuador* and deciding the waiver by litigation issue); *Murray v. UBS Securities, LLC*, No. 12 Civ. 5914 (KPF), 2014 WL 285093, at *4 n.4 (S.D.N.Y. Jan. 27, 2014) (deciding the waiver by litigation issue); *Bergman v. Spruce Peak Realty, LLC*, Nos. 2:11-cv-127, 2:11-cv-128, 2012 WL 6212849, at *5 (D. Vt. Dec. 13, 2012) (distinguishing *Ecuador* and holding that the waiver by litigation issue is appropriate for judicial determination). As these cases demonstrate, litigation waiver is an issue for the Court and not, as Universitas mistakenly asserts, a "merits" issue reserved to the arbitrator.

Moreover, *Ecuador* is distinguishable. There, a valid arbitration agreement existed; Ecuador maintained that its waiver and estoppel arguments undermined the validity of the arbitration agreement itself; and the parties and the relief sought in the two proceedings were different: in the Ecuadorian litigation, private citizens sought relief for the devastation of the Ecuadorian rainforest and in the arbitration, Chevron Corporation sought relief from Ecuador for allegedly interfering in the lawsuit and for failing to honor a release from liability. *See* 638 F.3d at 388, 390, 393. Here, the August 19, 2010 letter is evidence that *no arbitration agreement exists* between Universitas and WSFS; Universitas's prior litigation-related activity would bar it from proceeding to arbitration under the Grist Mill COT; and Universitas renounced the existence of the Grist Mill COT and proceeded to arbitrate and litigate under the Nova COT.

C.  <u>Disputed Issues of Fact Remain That Require Discovery</u>

Universitas also asserts that WSFS raised "new arguments" that are time-barred. (*See* Opposition, D.I. 114, at 16-19.) However, WSFS's arguments are a natural extension of WSFS's long-stated position that: (i) the Grist Mill COT and Nova COT are different declarations of trust; and (ii) there are disputed factual issues as to whether Universitas can compel WSFS to arbitrate under the Nova COT. These disputed facts are material and remain open, and Universitas's assertions to the contrary are mistaken.

<u>CONCLUSION</u>

For the foregoing reasons, the Motion for Reconsideration should be granted.

9

| Dated: April 27, 2016 | THE PLAINTIFF, |
| --- | --- |
| | **WILMINGTON SAVINGS FUND SOCIETY FSB**, as successor-in-interest to **CHRISTIANA BANK & TRUST COMPANY** |
| | By **CUMMINGS & LOCKWOOD LLC** Its Attorneys |
| | /s/ David T. Martin |
| | John W. Cannavino (ct06051) David T. Martin (ct27851) Six Landmark Square Stamford, CT 06901 Tel.: (203) 327-1700 Fax: (203) 708-3865 E-mail: dmartin@cl-law.com |
| | *and* |
| | Joseph P. Davis III Greenberg Traurig, LLP One International Place Boston, MA 02110 Tel.: (617) 310-6000 Fax.: (617) 310-6001 E-mail: davisjo@gtlaw.com |

# CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2016, I caused a copy of the foregoing to be filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF system.

**/s/ David T. Martin**
**Cummings & Lockwood LLC**
**Six Landmark Square**
**Stamford, CT 06901**
**Tel.: (203) 327-1700**
**Fax: (203) 708-3865**
**E-mail: dmartin@cl-law.com**

PHI 317596274v4